UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------X
MIGUEL A. DE JESUS,                         Hon. William J. Martini, U.S.D.J.

                Plaintiff,            Hon. Marc Falk, U.S.M.J.

            v.                      Civil Action No.: 12-cv-04395 (WJM) (MF)

RBS/ABN AMRO, INC.                          Motion Day: September 4, 2012

                Defendant.          Document Electronically Filed

---------------------------------------------------------X


**DEFENDANT THE ROYAL BANK OF SCOTLAND N.V.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**


PROSKAUER ROSE LLP
John P. Barry
*jbarry@proskauer.com*
Irina Constantin
*iconstantin@proskauer.com*
One Newark Center
Newark, New Jersey 07102
Telephone:  973.274.3200
Fax:  973.274.3299
*Attorneys for Defendant*

i

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.......................................................1

ARGUMENT..................................................................................................................................2

   I.    STANDARD OF REVIEW ................................................................................................2

   II.   PLAINTIFF'S COMPLAINT FAILS TO STATE A
        PLAUSIBLE CAUSE OF ACTION AGAINST RBS N.V. ...............................................3

CONCLUSION...............................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009) ......................................................... 2

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................. 2

*Delprato v. Day Chevrolet, Inc.*,
   427 Fed. App'x 86 (3d Cir. 2011) ........................................................................................... 3

*Dillon v. Liberty Mut. Ins. Co.*,
   Civil Action No. 10–5853 (SRC), 2011 WL 3163252 (D.N.J. July 25, 2011) ........................ 4

*Flick v. PMA Ins. Co.*,
   394 N.J. Super. 605, 928 A.2d 54 (App. Div. 2007) ............................................................... 4

*Maw v. Advanced Clinical Commc'ns, Inc.*,
   179 N.J. 439, 846 A.2d 604 (2004) ......................................................................................... 5

*Phillips v. County of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) .................................................................................................... 2

*West v. Prudential Ins. Co.*,
   462 Fed App'x 170 (3d Cir. 2011) .......................................................................................... 2

*Williams v. Potter*,
   384 F. Supp.2d 730 (D. Del. 2005) ..................................................................................... 3, 5

**STATUTES**

28 U.S.C. §§ 1332 and 1441 ......................................................................................................... 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................... 2, 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 2, 3

Defendant The Royal Bank of Scotland N.V. ("Defendant" or "RBS N.V."), incorrectly named in the Complaint as "RBS/ABN AMRO INC.," respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the Complaint of *pro se* plaintiff Miguel A. de Jesus ("Plaintiff" or "de Jesus").

## PRELIMINARY STATEMENT

Plaintiff's Complaint, consisting only of vague and seemingly unrelated allegations, fails to state a cognizable claim for relief or give Defendant any understanding of the basis for the claims it seeks to assert. Consequently, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff was employed by RBS N.V. Compl. at 2.[1] During the years 2009 and 2010, RBS N.V. underwent a reorganization that resulted in the transfer of Plaintiff's position to Connecticut. *Id*. Plaintiff was offered the opportunity to transfer to Connecticut, but he declined to do so for personal reasons related to the custody of his son. *Id*. Consequently, his employment was terminated and, in connection with the termination, he was presented with a severance agreement and general release ("Agreement"), the terms of which he also rejected. *Id*. Plaintiff alleges that his reason for declining to enter into the severance Agreement was that "it contained a clause which prevented [him] from receiving [his] workers['] compensation benefits." *Id*.

---

[1] Citations to "Compl." refer to the Complaint filed by Plaintiff in the Superior Court of New Jersey and removed to this court by Defendant on July 13, 2012. The Complaint is attached to the Declaration of John P. Barry as Exhibit A.

Plaintiff also alleges that during his employment with RBS N.V., he was "unable to work" but "had to work because [he] was afraid of losing [his] job." Compl. at 1. He further asserts that "because [he] worked in the month of July 2009 the insurance company denied [his] claim even though the disability continue[d] until mid January 2010." *Id*.

Plaintiff commenced this action in the Superior Court of New Jersey, and Defendant removed it to this Court upon the filing of a notice of removal pursuant to 28 U.S.C. §§ 1332 and 1441.

## ARGUMENT

**I.   STANDARD OF REVIEW**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231, 234 (3d Cir. 2008). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 560-61 (2007) (rejecting the concept that a federal court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Only a plausible claim for relief survives a motion to dismiss. *Id*. at 570. Thus, courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009) (internal quotation marks omitted).

While it is true that complaints of *pro se* plaintiffs are read liberally, to survive a motion to dismiss, even a *pro se* plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *See West v. Prudential Ins. Co.*, 462 Fed App'x 170 (3d Cir. 2011) (affirming dismissal of *pro se* plaintiff's claims against employer, where allegations did not

establish a viable claim); *Delprato v. Day Chevrolet, Inc.*, 427 Fed. App'x 86 (3d Cir. 2011) (same); *Williams v. Potter*, 384 F. Supp.2d 730 (D. Del. 2005) (dismissing *pro se* complaint for failure to allege conduct that would give defendant fair notice of plaintiff's claims). As Plaintiff's Complaint fails to state a cognizable cause of action, dismissal is warranted under Fed. R. Civ. P. 12(b)(6).

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A PLAUSIBLE CAUSE OF ACTION AGAINST RBS N. V.

Plaintiff alleges that he was unable to work, but he did so anyway "because [he] was afraid of losing [his] job," for reasons he does not set forth. Compl. at 1. He further alleges that RBS N.V. offered him a position in Connecticut, which he turned down for the purely personal reason that "[he] would have had to move and it would have affected [his] son's custody case." Compl. at 2. Lastly, he asserts that he rejected the severance package offered to him by RBS N.V. because he did not want to abide by the alleged terms of the Agreement and release upon which it was conditioned. *Id*.

These factual allegations do not give Defendant fair notice of Plaintiff's claims and the grounds upon which these claims rest. Fed. R. Civ. P. 8(a)(2). The allegations point to no violation of statute or public policy by RBS N.V. that could function as a foundation for this lawsuit or provide Plaintiff with any basis for relief. Nor does the Complaint cite to any such statute or assert the exhaustion of any administrative remedies that it may require.

Although Plaintiff appears to contend that he was disabled and he notes that his employment from RBS N.V. was terminated, he asserts absolutely no connection between these two allegations. In fact, he expressly states that his employment was terminated because he declined the opportunity to transfer to Connecticut for purely personal reasons related to the

3

custody of his son. Compl. at 2. In the context of the Complaint's allegations, therefore, Plaintiff's discharge cannot serve as a basis for any viable cause of action.

To the extent that the Complaint may be liberally interpreted as attempting to set forth a claim for workers' compensation benefits, such a claim is entirely barred by the exclusivity provision of the Workers' Compensation Act. *See Flick v. PMA Ins. Co.*, 394 N.J. Super. 605, 610-611, 928 A.2d 54, 57 (App. Div. 2007) (recognizing that the Division of Workers' Compensation within the Department of Labor and Workforce Development has "exclusive original jurisdiction of all claims for workers' compensation benefits") (citing N.J.S.A. 34:15-49); *Dillon v. Liberty Mut. Ins. Co.*, Civil Action No. 10–5853 (SRC), 2011 WL 3163252, at *3 (D.N.J. July 25, 2011) (same). As Plaintiff presents no facts that can provide the basis for an exception to this provision, any construed claim for workers' compensation benefits cannot stand.

In the event Plaintiff attempts to assert a claim premised on the denial of insurance benefits, he correctly notes that the decision-making entity in that regard was the insurance carrier at issue, and not RBS N.V. *See* Compl. at 1. RBS N.V., however, is the only entity that Plaintiff has named in this action. Therefore, any insurance benefits-related claim, to the extent it could be made out from the factual allegations of the Complaint, would also require dismissal.

Nor can Plaintiff establish a cause of action based in contract in so far as he "request[s]" the severance payment that was offered to him. Compl. at 2. As he asserts, he did not wish to enter into the Agreement that would have provided him with a right to this payment. Defendant cannot be compelled to provide Plaintiff with the benefits of an agreement to which he did not desire to be a party. In addition, Plaintiff's disagreement with the reasonableness of the terms of the severance Agreement and release presented to him cannot, in of itself, serve as the

4

foundation for a legal action.  *See, e.g.*, *Maw v. Advanced Clinical Commc'ns, Inc.*, 179 N.J. 439, 445, 846 A.2d 604 (2004) (noting that if employee could not negotiate terms that were to her liking, she was free to dispute the reasonableness of those terms if and when the employer attempted to enforce the agreement).

The Complaint, in short, fails to give Defendant fair notice of any plausible claim or the grounds upon which it may rest.  Accordingly, the Complaint's dismissal is warranted.  *See Williams*, 384 F. Supp.2d at 374.

## CONCLUSION

For all of the foregoing reasons, R.B.S. N.V.'s Motion to Dismiss Plaintiff's Complaint should be granted, and the Complaint should be dismissed in its entirety.

Dated: July 30, 2012                           PROSKAUER ROSE LLP

                                               By:   s/ John P. Barry

                                                    John P. Barry
                                                    *jbarry@proksauer.com*
                                                    Irina Constantin
                                                    *iconstantin@proskauer.com*
                                                    One Newark Center
                                                    Newark, New Jersey 07102
                                                    Phone: 973.274.3200
                                                    Fax: 973.274.3299

5

31288760v3