NOT FOR PUBLICATION                                                                    CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL A. DeJESUS, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 12-4395 (FSH) (MF) |
| v. | **OPINION & ORDER** |
| RBS/ABN AMRO, INC., | Date: December 17, 2012 |
| Defendant. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78.

### I. BACKGROUND

Plaintiff Miguel A. DeJesus brings this suit, *pro se*, against his former employer, The Royal Bank of Scotland N.V. ("Defendant" or "RBS"), incorrectly named as "RBS/ABN Amro Inc." (Moving Br. at 1.) In the Complaint, Plaintiff alleges that he was injured in a car accident in June 2009, but that he continued to work until July 2009, contrary to his doctor's instructions. (Compl. at 1.) Plaintiff further contends that an unnamed insurance company subsequently denied his disability insurance claim because he continued to work after the injury. (*Id.*)

Plaintiff next contends that RBS offered him a job in Connecticut, but that for personal reasons he "had to turn down the offer." (*Id.* at 2.) RBS clarifies that, due to a restructuring in

2009 and 2010, Plaintiff's position was relocated to Connecticut. (Moving Br. at 1.) Plaintiff contends—and RBS does not dispute—that his employment at RBS was terminated as a result of his refusal to relocate. (Compl. at 2.) Plaintiff alleges that he was then offered a severance agreement, which he rejected because "it contained a clause which prevented [him] from receiving [his] workers['] compensation benefits." (*Id.*)

Plaintiff filed suit in the Superior Court of New Jersey, Law Division, Hudson County, on July 3, 2012. He seeks his severance pay, workers' compensation, and reimbursement for the money he had to borrow from his 401(k) plan, as well as reimbursement for the tax consequences of the 401(k) borrowing. (*Id.*) On July 13, 2012, Defendant removed the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.[1]

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires

---

[1] On September 11, 2012, Plaintiff applied for *pro bono* counsel. (Docket No. 13.) The Court has broad discretion under 28 U.S.C. § 1915 to appoint *pro bono* counsel to represent indigent litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). A court may grant a properly filed application for appointment of *pro bono* counsel if the Plaintiff's claims have some "merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). In deciding whether to appoint counsel, the Court must consider the following non-exhaustive list of factors: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron v. Grace*, 6 F.3d 147, 158 (3d Cir. 1993). Having considered these factors, the Court will deny the application because Plaintiff has not demonstrated the presence of difficult legal issues, the need for investigation, that the case is likely to turn on witness testimony, or, as explained below, that his complaint has merit.

a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

Because Plaintiff proceeds *pro se*, the Court construes his Complaint and Opposition Brief liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**III.   DISCUSSION**

Defendant moves to dismiss the Complaint on the grounds that it fails to provide Defendant adequate notice of his claims or the grounds on which those claims rest. Even liberally construed, Plaintiff's Complaint does not allow RBS—or the Court—to identify what

3

statute or right was violated by RBS, and the Complaint does not identify any such statute. (Compl. at 1-2.)

First, it is unclear how, if at all, Plaintiff's decision to work following his car accident and his alleged denial of disability benefits relates to the transfer of his position and his subsequent termination of employment. Indeed, it is not clear from Plaintiff's allegations how RBS—as opposed to his insurer—was involved in the denial of his disability benefits.

Second, the Complaint does not explain why Plaintiff is entitled to relief simply because his position was relocated, as it was Plaintiff's decision not to move to Connecticut to keep his job. (Compl. at 2.) Moreover, when Plaintiff's employment was terminated, he decided not to sign the severance agreement and was therefore denied severance benefits. (*Id.*) While Plaintiff contends he declined to sign the severance agreement in order to receive workers' compensation benefits (*id.*), claims for workers' compensation are barred by the exclusivity provision of the Workers' Compensation Act. *See Flick v. PMA Ins. Co.*, 394 N.J. Super. 605, 610-611, 928 A.2d 54, 57 (App. Div. 2007) (recognizing that the Division of Workers' Compensation within the Department of Labor and Workforce Development has "exclusive original jurisdiction of all claims for workers' compensation benefits") (citing N.J.S.A. 34:15- 49); *Dillon v. Liberty Mut. Ins. Co.*, No. 10–5853, 2011 WL 3163252, at *3 (D.N.J. July 25, 2011) (same).

In sum, Plaintiff's Complaint fails to state a claim to relief that is plausible on its face and provides adequate notice to Defendants.

### IV.    CONCLUSION

For the reasons set forth above,

**IT IS** on this 17th day of December, 2012,

**ORDERED** that Plaintiff's application for appointment of *pro bono* counsel is **DENIED**; and it is further

**ORDERED** that the Motion to Dismiss (Docket No. 8) is **GRANTED**.  Within 30 days from the date this order is entered, Plaintiff may move to reopen his case, attaching to any such motion a proposed amended complaint which addresses the deficiencies of the complaint as stated in the opinion accompanying this order; and it is further

**ORDERED** that this case is **CLOSED**.

/s/ *Faith S. Hochberg*_____
Hon. Faith S. Hochberg, U.S.D.J.